IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS CLAY, Sr.,                              )
                                                )
            Petitioner,                         )
                                                )
      v.                                        )    Civil Action No. 06-1255
                                                )    Chief Judge Donetta W. Ambrose/
RAYMOND SOBINA, Superintendent;                 )    Magistrate Judge Amy Reynolds Hay
THE DISTRICT ATTORNEY OF                        )
ALLEGHENY COUNTY; and THE                       )
ATTORNEY GENERAL OF THE STATE                   )
OF PENNSYLVANIA;                                )
                                                )
            Respondents                         )

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254 be transferred to the Court of Appeals for the Third Circuit because it is a second or successive petition and this court lacks subject matter jurisdiction over such petitions and that a certificate of appealability be denied.

### REPORT

Cassius Clay, Sr. (Petitioner), who is serving an aggregated sentence of 12 to 52 years for numerous charges, has filed another habeas petition, seeking to challenge his convictions at Nos. 9613852, 9613853, 9613854 and 9708098, obtained in the Court of Common Pleas of Allegheny County on April 22, 1998, after a jury found him guilty. Because Petitioner has sought to challenge these convictions at least one time before and that previous petition was decided on the merits and denied, the present petition is a second or successive petition and must be transferred to the Court of Appeals for the Third Circuit because this court lacks subject matter jurisdiction over such petitions.

### *Relevant Procedural History*

Petitioner executed the current petition on September 11, 2006.  Dkt. [1-2].  He identified the convictions that he was attacking as docket numbers 9613852 and 9613853, and 9613854 and 9708098.  Id., at 2, ¶2.  Respondents filed an answer, in which they raised the fact that this petition was a second or successive petition.  Dkt. [7-1] at 14 - 16.  Petitioner filed a traverse, Dkt. [18-1], in which he essentially concedes that this petition is a second or successive petition but tries to argue that "[t]he court should in the interest of True justice find that this is petitioner's first federal habeas petition, and that it should be heard with the Government Exceptions of . . . 28 U.S.C.A. §2244(d)(1)(B) &(D), or . . . . he would again request that the 'Miscarriage of Justice Standard' be applied, as he is actually innocent of these charges[.]"  Id., at 12.

### *Applicable Legal Principles*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for obtaining federal habeas relief, was effective April 24, 1996.  Because Petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners.  See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ.").  Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The allocation of gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A) has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive applications within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."), cert. denied, 540 U.S. 826 (2003).

Under Section 2244(b)(3)(A), a second petition may not necessarily constitute a "second or successive petition" within the meaning of subsection (3)(A). The Supreme Court construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, recognizing that some types of "second" petitions do not implicate the judicially developed abuse-of-the-writ principles that were the basis for AEDPA's statutory restrictions. See Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

In Stewart, the Court held that §2244(b)(3)(A) authorization was not required because although petitioner's claim that he could not be executed due to the fact that he was incompetent to be executed had been raised in his earlier petition, the earlier petition was dismissed without prejudice as premature. "This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim," the Court explained, "but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)." Id. at 643. This claim was not a "second or successive" petition under AEDPA because Martinez-Villareal "brought his claim in a timely fashion, and it has not been ripe for resolution until now." Id. at 645. The Court expressly stated that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that AEDPA should not be construed so that the dismissal of an

earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." Id. at 645. Essentially, where a first petition was brought and dismissed but not addressed on the merits, a second petition challenging the same conviction is not subject to the requirement that the petitioner apply to the Court of Appeals for permission to file the second petition.

In contrast, where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the District Court without authorization from the Court of Appeals. See, e.g., In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)("Thus, a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."); James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002)("a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition.").

### *Discussion*

In his instant petition, Petitioner is challenging the very same convictions that he challenged in Clay v. Benning, No. 04-282 (W.D. Pa. filed 2/26/2004) (hereinafter "the 2004 petition"). Compare Dkt. [1-2] at 2, ¶¶ 1 to 5 with Clay v. Benning, No. 04-282 (W.D. Pa. Dkt. 9 at 5).[1] In a Report and Recommendation filed September 1, 2004, it was recommended that the 2004 petition be denied due to it being time barred. Id. at Dkt. 21.[2] The District Court adopted the report and recommendation. Id., at Dkt. 22. The Court of Appeals dismissed the notice of appeal as having been untimely filed. Id., at Dkt. 29.

---

[1] A copy of page 5 of the 2004 petition is attached hereto as Exhibit A.

[2] A copy of that Report recommending denial of the 2004 petition is attached hereto as Exhibit B.

- 4 -

A dismissal of a habeas petition based upon it being time barred constitutes a disposition "on the merits" within the contemplation of Martinez-Villareal and renders a subsequent petition that raises issues which could have been raised in the first petition "second or successive" and subject to Section 2244 (b)(3)(A)'s gatekeeping provisions.  Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005)(holding an earlier petition dismissed on the basis of AEDPA's statute of limitations barred a second petition because the second petition was second or successive pursuant to AEDPA);  Holmes v. Diguglielmo, NO. CIV A 05-3857, 2006 WL 3838222, *1 (E.D.Pa. Dec. 28, 2006) ("Dismissal for failure to comply with AEDPA's one-year statute of limitations constitutes a decision on the merits.");  Mack v. Shannon, No. Civ.A. 04-3814, 2005 WL 182724 (E.D. Pa. Jan. 26, 2005)(same).

In addition, it appears that all of the issues Petitioner raises in the present petition could have been raised in the earlier petition.  At the very least, Petitioner has not shown why the claims he presently raises could not have been raised in the prior petition.  See, e.g., Acosta v. Artuz, 221 F.3d 117, 122 n.3 (2d Cir. 2000)("the portion of Section 2244 dealing with abuse of the writ changed previous law by shifting the burden from the government to the petitioner to plead that a habeas petition 'was not abusive, at least insofar as the petitioner now must demonstrate ... that any new claims could not have been raised in a prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.' ").  Hence, because the 2004 petition was disposed of "on the merits" and Petitioner has failed to show that he could not have brought the claims he now raises in the present petition in the 2004 petition, this present petition is a "second or successive" petition.

A review of the computerized dockets of the Court of Appeals shows that Petitioner has not sought nor received from that Court permission to file this second or successive petition.

- 5 -

Therefore, the habeas petition must be transferred to the Court of Appeals because this court lacks subject matter jurisdiction over such second or successive petitions. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir.2002)("[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). This is so notwithstanding Petitioner's invocation of the miscarriage of justice standard, which the Court understands to be an invocation of the actual innocence standard,[3] as such a standard does not give this court jurisdiction over a second or successive habeas petition. Rather, a habeas petitioner should invoke such a standard in the Court of Appeals as a ground for obtaining permission to file such a second or successive petition. See 28 U.S.C. §2244 (a) & (b)(requiring that a one who wishes to file a second or successive petition file in the Court of Appeals a request to do so and that request must show that the factual predicate of the claim in the second/successive petition could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense). See also Souter v. Jones, 395 F.3d 577, 590 n.5 (6th Cir. 2005)("In AEDPA, Congress adopted a more stringent actual innocence exception in the successive-petition and evidentiary-hearing provisions, requiring that the factual predicate of the claim could not have been discovered earlier and a showing 'by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

---

[3] United States v. Sorrells, 145 F.3d 744, 749 n.3 (5th Cir. 1998)("The 'actually innocent' standard is the same as the 'fundamental miscarriage of justice' standard, which applies 'when a constitutional violation probably has caused the conviction of one innocent of the crime.' "); In re Byrd, 269 F.3d 585, 587 n.3 (6th Cir. 2001)("The actual innocence/miscarriage of justice exception is articulated in *Schlup v. Delo*, 513 U.S. 298 (1995) .").

underlying offense.' ") ; In re Byrd, 269 F.3d 585, 587 (6th Cir. 2001)("the court of appeals may yet authorize a second or successive filing if the court deems that this is necessary to prevent a miscarriage of justice.") .

### Certificate of Appealability

Section 2253 of Title 28 generally governs appeals from district court orders regarding habeas petitions and requires prisoners attacking their state convictions to obtain a certificate of appealability ("COA") before appealing to the Court of Appeals.  28 U.S.C. § 2253(c)(1)(A).  A COA should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

There is a difficulty with this provision when the District Court does not address the issue of a constitutional violation,  but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).  In Slack v. McDaniel, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [COA] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 484.  Hence, the analysis as to whether a COA should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Walker v. Government of the Virgin Islands, 230 F.3d at 90.  The test is conjunctive and both prongs must be met.  See id.  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether transfer of the petition based upon the fact that it is

- 7 -

second or successive was correct.  Accordingly, a certificate of appealability should be denied.
Because of this conclusion, the court does not need to reach the other prong of the <u>Slack v.</u>
<u>McDaniel</u> test, i.e., whether Petitioner has made a substantial showing of a denial of a
constitutional right.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local
Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written
objections to this report.  Any party opposing the objections shall have seven (7) days from the
date of service of the objections to respond thereto.  Failure to timely file objections may
constitute a waiver of any appellate rights.

Respectfully submitted,

<u>/s/  Amy Reynolds Hay</u>
United States Magistrate Judge

Dated:   7 June, 2007

cc:      The Honorable Donetta W. Ambrose
         Chief United States District Judge

         Cassius M. Clay, Sr.
         DQ-5954
         SCI Forest
         Post Office Box 945
         Marienville, PA 16239-0945

         Ronald M. Wabby, Jr., Esquire
         by Notice of Electronic Filing

# Exhibit A

U.S. District Court
P. O. Box 1805
Pittsburgh, PA 15230

## PETITION

1. Name and location of court which entered the judgment under attack: ALLEGHENY COUNTY COURT OF COMMON PLEAS

   PITTSBURGH PENNSYLVANIA.

2. Criminal Docket Number: 9613852, 9613853, 9613854, 9708098

3. Date of imposition of sentence: APRIL 23, 1998

4. Length of sentence: 12 - 52 YEARS.

5. Nature of offense or offenses for which you were convicted:
   VIOLATIONS OF THE DRUG DEVICE & COSMETIC ACT, POS. INT. DELIV. ESCAP

6. What was your plea?  (Check one)  Not Guilty (X)  Guilty ( )

   Nolo Contendere (X)

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:  AT CC9708098, ESCAPE, Removed ankle bracelet

   while on House Arrest, which was supposed to be breach of contract, violation'
   for 6 Months-12 Months, where I was given 6Months-7Years.(Specific plea)

7. If you were found guilty after a plea of not guilty, check whether finding was made by:  Jury (X)  Judge only ( )

8. Did you testify at the trial? Yes (X)  No ( )

9. Did you appeal from the judgment of conviction? Yes (X) No ( )

10. If you did appeal, answer the following:

    (a)  First Appeal

         (1)  Name of Court:  SUPERIOR COURT OF PA, PITTSBURGH DISTRICT.

         (2)  Docket Number: 1343 Pittsburgh, 1998

         (3)  Result:  CONVICTION AFFIRMED

         (4)  Citation (If known): _____

    (b)  Second Appeal

         (1)  Name of Court: _____

         (2)  Docket Number: _____

         (3)  Result: _____

- 5 -

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY,            )
          Petitioner,       )
                            )
          v.                )      Civil Action No. 04-282
                            )      Chief Judge Ambrose
LAWRENCE R. BENNING,        )      Magistrate Judge Hay
          Superintendent,   )
          Respondent.       )

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

     It is recommended that the Petition for Writ of Habeas
Corpus be denied as untimely and that a certificate of
appealability be denied.

II.   REPORT

     Petitioner, Cassius M. Clay Sr., a state prisoner
incarcerated at the State Correctional Institution at Greensburg,
Pennsylvania, has filed a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254 wherein he raises claims concerning
his 1998 convictions for drug trafficking charges.  For the
reasons that follow, the Petition should be denied because it was
not filed within the one-year limitations period provided for
under 28 U.S.C. § 2244(d).

A.    **Relevant Procedural History**

     On April 22, 1998, following a jury trial in the Court of
Common Pleas of Allegheny County, Petitioner was found guilty of
four counts of Possession of a Controlled Substance with Intent

to Deliver; two counts of Delivery of a Controlled Substance; and four counts of Possession. On that same date, Petitioner entered a plea of *nolo contendere* to three counts of recklessly endnagering another person and one count each of simple assault, criminal mischief and escape. On June 23, 1998, Petitioner was sentenced to an aggregate term of imprisonment of from six (6) to thirty-two (32) years. On July 23, 1998, Petitioner, through newly appointed counsel, filed a notice of appeal to the Superior Court of Pennsylvania. On December 7, 1998, the Trial Judge issued his Opinion denying Petitioner's claims. On September 23, 1999, the Superior Court affirmed the judgment of the Trial Court. On October 22, 1999, Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. On March 3, 2000, the Supreme Court of Pennsylvania denied the Petition.

On July 7, 2000, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. Following appointment of counsel, an amended petition was filed on August 23, 2000. On October 10, 2000, without holding a hearing, the Trial Court denied the PCRA Petition as without merit. On October 25, 2000, Petitioner filed a Notice of Appeal and on July 18, 2001, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief. Petitioner filed a Petition for

> or laws of the United States is removed,
> if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional
> right asserted was initially recognized
> by the Supreme Court, if the right has
> been newly recognized by the Supreme
> Court and made retroactively applicable
> to cases on collateral review; or
>
> (D) the date on which the factual
> predicate of the claim or claims
> presented could have been discovered
> through the exercise of due diligence.

> (2) The time during which a properly filed application
> for State post-conviction or other collateral
> review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any
> period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

     With respect to the current action, Petitioner filed a
timely direct appeal from his sentence.  The Supreme Court of
Pennsylvania denied his timely-filed petition for allowance of
appeal on March 3, 2000.  Consequently, direct review of
petitioner's conviction concluded and the judgment became "final"
on or about June 1, 2000, at the expiration of the ninety-day
period within which petitioner could have filed for a writ of
certiorari in the United States Supreme Court.  See Swartz v.
Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment
becomes final at the conclusion of direct review or the
expiration of time for seeking such review, including the time
limit (90 days) for filing a writ of certiorari in the Supreme
Court).

     It follows, then, that Petitioner's one-year period for
filing his federal habeas corpus petition under 28 U.S.C. § 2244
began to run on June 2, 2000.  Thus, under the one-year
limitations period in AEDPA, the Petitioner had until June 1,
2001 to file a federal habeas corpus petition challenging his
conviction.  As stated above, Petitioner's federal habeas corpus
is dated February 17, 2004, well past the expiration of his one-
year limitations period.  Consequently, this court must determine
whether Petitioner can take advantage of the "tolling" provision
in section 2244(d)(2).

- 5 -

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002), the Supreme Court made quite clear that to be deemed "properly filed" under 28 U.S.C. § 2244(d)(2), an application for collateral review in state court must satisfy the state's procedural timeliness requirements. See also Artuz v. Bennett, 531 U.S. 4 (2000). Moreover, the Court of Appeals for the Third Circuit specifically has found that untimely PCRA petitions do not statutorily toll the AEDPA one-year limitations period. See Fahy v. Horn, 240 F.3d 239 (3d Cir. 2001). Similarly, the Court of Appeals for the Third Circuit has determined that an untimely application for state post-conviction relief by a petitioner, who sought but was denied application of a statutory exception to the PCRA's time bar, is not "properly filed" under 28 U.S.C. § 2244(d)(2). See Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003). Further, in Brown v. Shannon, 322 F.3d 768, 775, n.5 (3d Cir. 2003), the Court of Appeals for the Third Circuit noted that an appeal *nunc pro tunc* may not be deemed "properly filed" under 28 U.S.C. § 2244(d)(2) because such a pleading is filed improperly as a matter of state law. Accord Douglas v. Horn, ___ F.3d ___,

- 6 -

2004 WL 231207 (3d Cir. Jan. 12, 2004) (holding that the petitioner's *nunc pro tunc* petition was not properly filed, and that, by extension, neither his motion to reconsider the denial of that petition, nor the time between the two filings, constituted grounds for statutory tolling); Swartz v. Meyers, 204 F.3d at 424 n. 6 ("we agree that the time during which Swartz's *nunc pro tunc* request for allowance of appeal was pending does not toll the statute of limitation."). Applying these principles, the Court now will analyze the applicable facts.

Petitioner filed his first PCRA petition on July 7, 2000. His one-year limitations period, which began running on June 2, 2000, continued to run until July 7, 2000, when he filed his first PCRA petition. From June 2, 2000 until July 7, 2000, thirty five (35) days had run on Petitioner's one-year limitations period; three hundred and thirty (330) days remained. Petitioner's one-year AEDPA limitations was tolled while he was pursuing his first PCRA proceeding from July 7, 2000 through February 21, 2003, the date that his Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania. His one-year limitations period began running again on February 22, 2003[1]

---

[1] Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition) (emphasis added).

and ended on Friday, November 28, 2003, which is 330 days after
the last day of tolling from his first PCRA petition, which was
February 21, 2003.   Unfortunately for him, Petitioner did not
file his federal habeas corpus petition until February 17, 2004,
eighty-two days after his limitations period had expired.

Although Petitioner filed his second PCRA petition on April
22, 2003, both the trial court and the Superior Court determined
that his second PCRA petition was untimely filed.   The federal
habeas corpus statute, as amended by AEDPA specifically provides
that only "properly filed" applications for State post-conviction
or other collateral review can toll the one-year limitations
period.   In the Petitioner's case, his second PCRA petition was
dismissed as untimely.   As stated above, the Court of Appeals for
the Third Circuit has determined that untimely PCRA petitions do
not statutorily toll the AEDPA one-year limitations period.
Thus, the time period that Petitioner was pursuing his second
PCRA petition did not toll his one-year limitations period under
AEDPA.   Consequently, Petitioner's one-year limitations period
ended on November 28, 2003.[2]

_____

[2]   Moreover, the Supreme Court has determined that the tolling
provision in 28 U.S.C. § 2244 applied only to petitions for post
conviction or collateral relief that are filed in the state courts.
See Duncan v. Walker, 533 U.S. 167 (2001).   Consequently, the time
period that a petitioner is pursuing a federal habeas corpus
petition does not toll the one-year limitations period under 28
U.S.C. § 2244(d)(2).

The Petitioner did not file his federal habeas corpus petition until February 17, 2004.  Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.  In this regard, neither Petitioner's Petition for habeas corpus nor his Motion for Leave to Amend his Petition indicates that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B).  Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).

Finally, Petitioner has not made any sufficient showing that the doctrine of equitable tolling should be applied in this action.  Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

- 9 -

<u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner.  <u>Id.</u> at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if:  "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum."  <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), <u>cert. denied</u>, 513 U.S. 1086 (2001).  In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner.  <u>See, e.g.</u>, <u>Johnson v. Hendricks</u>, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).[3]

---

[3] <u>Lovato v. Suthers</u>, ___ F.3d ___, (Table), 2002 WL 1500844 (10th Cir. July 15, 2002) (holding that purported difficulty of legal issues in state prisoner's pro se habeas petition was an inadequate ground to equitably toll the habeas limitations period); <u>Jihad v. Hvass</u>, 267 F.3d 803 (8th Cir. 2001) (holding that period

As noted by the United States Court of Appeals for the

Fourth Circuit:

> [a]ny invocation of equity to relieve the
> strict application of a statute of
> limitations must be guarded and infrequent,
> lest circumstances of individualized hardship
> supplant the rules of clearly drafted
> statutes.  To apply equity generously would
> loose the rule of law to whims about the
> adequacy of excuses, divergent responses to
> claims of hardship, and subjective notions of
> fair accommodation.  We believe, therefore,
> that any resort to equity must be reserved
> for those rare instances where--due to
> circumstances external to the party's own
> conduct--it would be unconscionable to

of time prior to petitioner's filing for state post-conviction
relief could not be equitably tolled based on petitioner's
inability to obtain counsel to represent him in his state
post-conviction proceeding and failure of defense counsel to send
petitioner his trial transcript until approximately 8 months after
his conviction); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir.
2001) (holding that the state's failure to provide trial transcript
did not toll limitations period for filing habeas petition); Smith
v. McGinnis, 208 F.3d 13 (2d Cir. 2000) (holding that petitioner's
case did not present extraordinary or exceptional circumstances
warranting equitable tolling because his delays in seeking
collateral review of his conviction did not show reasonable
diligence); Adams v. LeMaster, 223 F.3d 1177 (10th Cir. 2000)
(holding that petitioner's ten-year delay in seeking collateral
review of his conviction did not show reasonable diligence as
required for equitable tolling of limitations period); Fisher v.
Johnson, 174 F.3d 710, 714 (5th Cir.1999) ("[I]gnorance of the law,
even for an incarcerated pro se petitioner, generally does not
excuse prompt filing."); In re Boshears, 110 F.3d 1538, 1540-41
(11th Cir. 1997) (holding that newly discovered evidence suggesting
that petitioner did not commit the crime did not justify the filing
of a successive habeas petition because the petitioner had failed
to explain why the evidence could not have been discovered earlier
with due diligence).

> enforce the limitation period against the
> party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it should be dismissed as untimely.

## C.   Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions.  Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. ' 2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court held that " "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable

- 12 -

whether the petition states a valid claim of the denial of a
constitutional right and that jurists of reason would find it
debatable whether the district court was correct in its
procedural ruling."  Applying this standard to the instant case,
the district court should conclude that jurists of reason would
not find it debatable whether the Petition was filed within the
one-year limitation period provided for under AEDPA.
Accordingly, a certificate of appealability should be denied.

III. CONCLUSION

For the foregoing reasons, it is respectfully recommended
that the Petition for Writ of Habeas Corpus be denied and that a
certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. §
636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are
allowed ten (10) days from the date of service to file written
objections to this report.  Any party opposing the objections
shall have seven (7) days from the date of service of the
objections to respond thereto.  Failure to timely file objections
may constitute a waiver of any appellate rights.

Respectfully submitted,

AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 31 August, 2004

- 13 -

cc:   The Honorable Donetta W. Ambrose
      United States District Judge, Chief

      Cassius M. Clay, Sr., DQ-5954
      State Correctional Institution at Greensburg
      R.D. # 10, Box 10
      Greensburg, PA 15601

      Margaret K. Barker
      Assistant District Attorney
      Office of the District Attorney
      401 Allegheny County Courthouse
      Pittsburgh, PA 15219

Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by that court on February 21, 2003.

On April 22, 2003, Petitioner filed a second *pro se* PCRA petition. On May 19, 2004, the Trial Court dismissed the PCRA Petition as untimely without a hearing. Petitioner's federal Petition for Habeas Corpus in the instant action was filed on February 17, 2004.

**B.   Time Period for Filing Federal Habeas Corpus Petitions**

As noted by the Respondent, the first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996). In section 101 of AEDPA, Congress imposed a new, one-year limitations period applicable to state prisoners, which provides as follows.

> (d)   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution

- 3 -