IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, Sr., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RAYMOND SOBINA, Superintendent; )<br>THE DISTRICT ATTORNEY OF )<br>ALLEGHENY COUNTY; and THE )<br>ATTORNEY GENERAL OF THE STATE )<br>OF PENNSYLVANIA; )<br>)<br>Respondents ) | Civil Action No. 06-1255<br>Chief Judge Donetta W. Ambrose/<br>Magistrate Judge Amy Reynolds Hay<br><br><br>Re: Dkt. Nos. [5], [22] & [24] |

## **MEMORANDUM ORDER**

Cassius Clay, Sr., (Petitioner), a state prisoner, filed a habeas petition pursuant to 28 U.S.C. §2254, which was referred to Magistrate Judge Hay. The Report issued by Magistrate Judge Hay found that Petitioner had filed a prior habeas petition, namely, Clay v. Benning, No. 04-282 (W.D. Pa. filed 2/26/2004) (hereinafter "the 2004 petition"), that had been dismissed as untimely filed. Hence, the Report in the instant matter found that the present petition is a second or successive petition and, therefore, recommended that this case be dismissed due to lack of jurisdiction. The Report was filed on June 7, 2007. Dkt. [21]. The Report was served on Petitioner at his address of record. On June 28, 2007, the Court having received no objections, adopted the Report as the opinion of the Court and dismissed the petition. Dkt. [22]. Thereafter on June 29, 2007, Petitioner's objections to the Report were received by the Clerk's office and docketed. Dkt. [23]. On July 9, 2007, Petitioner also filed a Motion to Reconsider this Court's order, Dkt. [24], which adopted the Report and dismissed the petition, and an affidavit in support thereof. Dkt. [25].

In his motion to reconsider, Petitioner explains why his objections were timely filed and why this court should consider those objections. The Court will **GRANT** the motion to reconsider, Dkt. [24] and the Court will deem the objections timely filed and so **ORDERS** that the Court's order, Dkt. [22], filed June 28, 2007, be and hereby is **VACATED**.

The court will now consider Petitioner's objections to the Report and Recommendation.

Petitioner first objects to the Report's finding that the instant habeas petition is second or successive, arguing that the previous 2004 petition should not have been addressed at all because the Court lacked jurisdiction over the 2004 petition. Dkt. [23] at 3. Specifically, Petitioner argues that at the time the Report was filed in the 2004 petition proceedings, i.e., September 1, 2004, he had a second PCRA petition pending. The court notes[1] that this second PCRA petition had just been dismissed as time barred by the Court of Common Pleas on July 21, 2004. Petitioner complains that the Report in the 2004 petition erroneously stated that both the Common Pleas Court and the Superior Court found that Petitioner's second PCRA petition was untimely filed. See Dkt. [21], at Exhibit B, p. 18 (wherein the Report in the 2004 petition did state that "Although Petitioner filed his second PCRA petition on April 22, 2003, both the trial court and the Superior Court determined that his second PCRA petition was untimely filed."). Petitioner is apparently accurate. The Report in the 2004 petition mistakenly stated that the Superior Court had also found the second PCRA petition time barred. As of the date of the

---

[1] The Court takes judicial notice of the dockets of the Allegheny County Court of Common Pleas which are available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=90012559&arch=0&ST=7/10/2007%201:27:23%20PM

2

writing of the 2004 Report, this statement was not **yet** true, although eventually it would be true that the Superior Court found the second PCRA petition untimely filed. Dkt. [7-15] at 15 to 20 (Superior Court opinion dated November 2, 2005). However, this slight error in timing does not bar this court from relying on the Report in the 2004 petition in determining that the instant petition is second or successive. The Report in the 2004 case appeared merely to be prescient as the Superior Court did affirm the PCRA court's determination that the second PCRA petition was untimely. The Pennsylvania Supreme Court denied allocatur. Dkt. [7-15] at 22. Hence, the Report's conclusion that the second PCRA petition was untimely and could not have tolled the statute of limitations was indeed correct, even if, as of the writing of that Report, the Superior Court had not yet affirmed the PCRA court. Thus, to the extent that Petitioner rests his objections on this error, the objection does not merit rejection of the current Report's reliance on the Report in the 2004 case.

Next Petitioner argues that because his second PCRA petition was currently pending at the time he filed the 2004 habeas petition, he had failed to exhaust all of his state remedies and so this Court lacked subject matter jurisdiction over the 2004 petition and hence, the present petition is really his first habeas petition. Dkt. [23] at 3 ("The Petitioner states that in the instant matter at No. 06-1255, the claims raised in the Second PCRA, were not Exhausted, and therefore the Court Did not have Subject Matter Jurisdiction over the Claims in the First Application . . ."). Petitioner is mistaken on several grounds.

It is true that while his second PCRA petition was pending, he had not fully exhausted his state court remedies. The Supreme Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement,

however, refers only to remedies **still available at the time of the federal petition**." Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (emphasis added). Accordingly, in performing an exhaustion analysis, the question which the court must resolve is this: at the time a petitioner files a habeas petition, does the petitioner have available to him any state procedure through which he could be afforded relief. 28 U.S.C. § 2254(c). See also Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any available procedure, the question presented.' 28 U.S.C. S 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition")(some internal quotations omitted). Hence, given the availability, and indeed, the actual pendency of Petitioner's second PCRA petition proceedings, Petitioner had not exhausted his state court remedies at the time of filing the 2004 Petition.

However, it does not follow that because he had not exhausted, this court lacked subject matter jurisdiction over the 2004 petition. Exhaustion emphatically does not affect subject matter jurisdiction. See, e.g., Walker v. Government of Virgin Islands, 230 F.3d 82, 88 (3d Cir. 2000)("As we noted at the outset, Walker's direct appeal to the Appellate Division of the District Court is still pending. Therefore, the District Court should have dismissed his petition, not for lack of subject-matter jurisdiction, but for failure to meet the exhaustion requirement."); Felder v. Estelle, 693 F.2d 549, 551 (5th Cir. 1982)("Exhaustion, however, is not a question of subject-matter jurisdiction"). Hence, the fact that Petitioner had not exhausted his state court remedies at the time he filed his 2004 petition did not deprive this court of subject matter jurisdiction over the 2004 petition. Second, this court was free to deny his 2004 petition notwithstanding the fact that he had failed to exhaust his state court remedies. 28 U.S.C. 2254

(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Accordingly, Petitioner's admitted failure to exhaust his state court remedies in connection with the 2004 petition did not destroy the Court's subject matter jurisdiction nor render the 2004 habeas proceedings other than a first habeas petition, causing the present habeas petition to be second or successive. Accordingly, this objection is without merit.

Next, Petitioner complains that he was not given the Miller warnings by the Court in the prior 2004 habeas proceedings and seems to imply that because he was not given such warnings, this court may not count the prior habeas proceeding as a first petition, thereby rendering the present petition second or successive. The Miller[2] notice requirement was explained by the Court of Appeals as follows:

> [b]efore a District Court may rule on a section 2254 petition from a pro se petitioner, it must notify the petitioner that he may: (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one year statutory period." Mason v. Meyers, 208 F.3d 414, 418 (3d Cir. 2000); see United States v. Miller, 197 F.3d 644, 652 (3d Cir.1999) (holding the same for a section 2255 petition). This notice is required "out of a sense of fairness," Mason, 208 F.3d at 418, because of AEDPA's restrictive effect on successive habeas petitions.

Holden v. Mechling, 133 Fed.Appx. 21, 22 (3d Cir. 2005). There are several problems with Petitioner's contention.

First, what he seeks to do in this case is collaterally attack a final judgment in a prior case. This he may not do. See Mitchell v. Commission on Adult Entertainment Establishments

---

[2] The so-called "Miller notice" comes from the case of United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999) which addressed a Section 2255 motion. In the case of Mason v. Meyers, 208 F.3d 414, 418 (3d Cir. 2000), the Court extended the requirement of giving a Miller notice to Section 2254 petitions.

5

of State, 12 F.3d 406, 408-09 (3d Cir. 1993)("Our cases indicate that, where non-waivable subject matter jurisdiction is lacking but not raised, a final judgment has res judicata effect in a subsequent proceeding, and a collateral attack [on the final judgment from a prior suit mounted in a subsequent proceeding] based on the want of subject matter jurisdiction is barred.")(citing Hodge v. Hodge, 621 F.2d 590, 592 (3d Cir. 1980)); Read v. Elliott, 94 F.2d 55, 60 (4th Cir. 1938) ("a final judgment or decree without appeal, even though erroneous, may not be collaterally attacked in a different and subsequent proceeding").[3]

Second, even if Petitioner could mount herein such a collateral attack on the final judgment obtained in the first habeas proceedings, we would find that any failure to give Miller warnings were harmless, because even as of the time he filed his first habeas petition, it was time barred. Thus, even if he had he received the Miller warnings and withdrew his habeas petition only to file another petition later, the subsequent petition would have likewise been time barred. Hence, because the error in not giving him the Miller notice was harmless, the final judgment in the first habeas petition may be legitimately considered by this court in determining that the present petition is second or successive. Accordingly, this objection is overruled. See, e.g.,

---

[3] To be clear, we are not applying the doctrine of res judicata in this case. We are not preventing Petitioner from re-litigating in this case any claims he litigated in the first habeas petition based upon the doctrine of res judicata. See Arizona v. California, 530 U.S. 392, 424 (2000)(Rehnquist, J., dissenting and concurring) ("Res judicata not only bars relitigation of claims previously litigated, but also precludes claims that could have been brought in earlier proceedings."). This is so because the doctrine of res judicata generally does not apply in the federal habeas context where a prior petition for writ of habeas corpus has been denied. See Johnson v. Champion, 288 F.3d 1215 (10th Cir. 2002)("The general rule is that 'res judicata has no application in [federal] habeas corpus' proceedings"); Rehbein v. Clarke, 94 F.3d 478 (8th Cir. 1996). Rather, we are barring Petitioner from collaterally attacking in the present case the existence of the final judgment in the first habeas petition, and from arguing that we cannot even consider that case a first habeas petition because Miller warnings were not given. In other words, mere errors (assuming herein that failure to give the Miller notice in the 2004 petition was error) in prior cases, which concluded in final judgments, cannot serve as the basis in subsequent suits to render those final judgments other than final judgments and permit courts to ignore the fact of their existence.

Galiczynski v. U.S., 2007 WL 756726, at *2 (E.D. Pa. March 9, 2007), wherein the Court held as follows:

> It is unclear whether Galiczynski ever received such a notice before the Court ruled upon his first § 2255 petition in 2003. However, even assuming, arguendo, he did not, Galiczynki is not entitled to relief because Miller does not operate to save untimely petitions. See United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002) (district court not required to provide defendant with proper Miller form for filing § 2255 petition where defendant's motion was already time-barred).
> The reasoning underlying the prophylactic measure set out in Miller is sound; it protects persons unaware of the AEDPA's second or successive rule from filing an "incomplete" habeas petition and then being barred from later filing additional claims.
> This policy consideration, however, is not implicated in Mr. Galiczynski's case. His first § 2255 petition was not timely filed under the AEDPA. No form notice warning him of the AEDPA's second or successive rule would have cured this fatal defect. In fact, providing such notice would have been an "exercise of futility." Chew, 284 F.3d at 471.

Accord Williams v. Ricci, 2006 WL 2645118, *3 n.3 (D.N.J. Sept. 13, 2006)("However, if a petitioner's § 2254 application is time-barred, no purpose could be served by issuance of a *Mason* notice, and it would be misleading to suggest to the petitioner that he has an opportunity to withdraw his out of time application and yet file a new, all-inclusive § 2254 petition, since such new petition would be equally time-barred."); Blackstock v. U.S., 2005 WL 2491463, *2 (E.D.Va. Oct. 7, 2005). Cf. United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002)("Thus, not only was Chew's Rule 17 motion (whether or not it is construed as such) already untimely when he filed it, but any § 2255 motion he filed following *Miller* notice would be time-barred as well. In this context, providing *Miller* notice would, as the district court found, have been 'an exercise in futility.' Accordingly, the court did not err in declining to give *Miller* notice.")(footnoted omitted). Hence, this objection is overruled.

As none of Petitioner's objections, whether specifically addressed herein or not, is found to be meritorious, the following order is entered.

AND NOW, this ___17th___ day of July 2007, after de novo consideration of the Report and Recommendation and Petitioner's objections thereto, and upon independent review of the record, it is hereby ORDERED that the habeas petition be DISMISSED for lack of subject matter jurisdiction and that a certificate of appealability be DENIED. The Report is again adopted as the opinion of the Court as supplemented by this memorandum order. Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).

_____
Donetta W. Ambrose
Chief United States Judge


cc:   The Honorable Amy Reynolds Hay
      United States Magistrate Judge

      Cassius M. Clay, Sr.
      DQ-5954
      SCI Forest
      Post Office Box 945
      Marienville, PA 16239-0945

      Ronald M. Wabby, Jr.
      by Notice of Electronic Filing

8